# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | CASE NUMBER: 8:06-cr-257-T-30MSS |
| vs. | USM NUMBER: 48860-018 |
| PATRICK HENRY STEWART | Defendant's Attorney: Kevin Darken, ret. |

THE DEFENDANT:

 X  pleaded guilty to count(s) ONE through SIX (1-6) of the Information.
 __ pleaded nolo contendere to count(s) which was accepted by the court.
 __ was found guilty on count(s) after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §1343 | Wire Fraud | February 20, 2005 | One - Six |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__ The defendant has been found not guilty on count(s)
__ Count(s) (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: November 20, 2006

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

DATE: November 21, 2006

Defendant: PATRICK HENRY STEWART  
Case No.: 8:06-cr-257-T-30MSS  

Judgment - Page 2 of 5

# PROBATION

## The defendant is hereby placed on probation for a term of FIVE (5) YEARS as to Counts One through Six (1-6) of the Information, all terms to run concurrently with each other.

The defendant shall not commit another federal, state, or local crime. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

| X | The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. |

| X | The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. |

| X | The defendant shall cooperate in the collection of DNA as directed by the probation officer. |

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | |
|---|---|
| Defendant: PATRICK HENRY STEWART | Judgment - Page 3 of 5 |
| Case No.: 8:06-cr-257-T-30MSS | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of probation:

__X__   The defendant shall participate in the Home Detention program for a period of ONE (1) YEAR . During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the defendant's Probation Officer. Defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such monitoring not to exceed an amount determined reasonable by the Probation Officer based on ability to pay (or availability of third party payment) and in conformance with the Probation Office's Sliding Scale for Electronic Monitoring Services.

__X__   The defendant shall provide the probation officer access to any requested financial information.

__X__   The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself/herself for any major purchases without approval of the probation officer.

__X__   The defendant shall notify any employer of his convictions in this case if he has any job duties involving financial affairs.

__X__   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

__X__   The mandatory drug testing provisions pursuant to the Violent Crime Control Act are waived. However, the Court authorizes the probation officer to conduct random drug testing not to exceed 104 tests per year.

| | | |
|---|---|---|
| Defendant: | PATRICK HENRY STEWART | Judgment - Page 4 of 5 |
| Case No.: | 8:06-cr-257-T-30MSS | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| **Totals:** | $600.00 | Waived | $625,293.00 |

\_\_   The determination of restitution is deferred until \_\_\_\_. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X    The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Jabil Circuit, Inc.<br>Attn: Bob Paver<br>10560 9th Street North<br>St. Petersburg, Florida 33716 | | $625,293.00 | |
| **Totals:** | $ \_\_ | $ 625,293.00 | |

\_\_   Restitution amount ordered pursuant to plea agreement $_____.

\_\_   The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

\_\_   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

\_\_   the interest requirement is waived for the \_\_\_ fine \_\_\_ restitution.

\_\_   the interest requirement for the \_\_\_ fine \_\_\_ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

| | |
|---|---|
| Defendant: PATRICK HENRY STEWART | Judgment - Page 5 of 5 |
| Case No.: 8:06-cr-257-T-30MSS | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. __X__ Lump sum payment of $ __600.00__ is due immediately, balance due

    ___ not later than _____, or

    ___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B. ___ Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. ___ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. __X__ Special instructions regarding the payment of criminal monetary penalties:

The defendant shall pay restitution at the rate of $400 per month. At any time during the course of supervision the government, or the defendant, may notify the Court of a material change in the defendant's ability to pay, and the Court may adjust the payment schedule accordingly.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

  ___ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:


  ___ The defendant shall pay the cost of prosecution.

  ___ The defendant shall pay the following court cost(s):

  _X_ The defendant shall forfeit the defendant's interest in the following property to the United States:

    The Court orders that the defendant forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, which are in the possession or control of the defendant or the defendant's nominees. The Court makes final the Preliminary Order of Forfeiture [Dkt.18] and makes it part of this judgement.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              CASE NO. 8:06-cr-257-T-30MSS

PATRICK HENRY STEWART,

    Defendant.
_____

## PRELIMINARY ORDER OF FORFEITURE FOR NUMEROUS ASSETS AS TO DEFENDANT PATRICK HENRY STEWART

THIS CAUSE comes before the Court upon the filing of the Motion of the United States of America for Entry of a Preliminary Order of Forfeiture (Dkt. #17), which, at sentencing, shall be a final order of forfeiture as to defendant Patrick Henry Stewart. For good cause shown, the motion (Dkt. #17) of the United States is GRANTED.

The Court hereby finds that the United States has established that the numerous assets listed below are directly traceable to proceeds of defendant Patrick Stewart's scheme to commit wire fraud to which he pled guilty pursuant to 18 U.S.C. §1343 and §2:

    a.    All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 8706 Cypress Mill Court, Tampa, Florida 33647 which is legally described as follows:

           Lot 35, Block 1, WYNSTONE, according to the map or plat thereof, as recorded in Plat Book 67, page 18, of the Public Records of Hillsborough County, Florida. Parcel I.D. Number: 59403.1270;

    b.    All funds contained in Boston/Capital Securities, Inc. account number 1091780 held in the name of Patrick Stewart;

Page 1 of 2

c. One 2004 orange Nissan 350Z two-door convertible, VIN #: JN1AZ36A04T011650 ;

d. One 2004 black Nissan Titan pick-up truck, VIN # 1N6AA06A84N546004;

e. One 1991 silver Nissan 300ZX, VIN # JN1RZ24H9MX502367; and

f. One 2004 Yamaha motor scooter, VIN # JYASA17AX4A017474.

Therefore, the real property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Accordingly, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** that all right, title, and interest of defendant Simon Guzman in the above-listed assets are hereby CONDEMNED and FORFEITED to the United States of America pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

The Court shall retain jurisdiction to enter any orders necessary for the forfeiture and disposition of these assets, and to entertain any third party claims that may be asserted in these proceedings.

**DONE** and **ORDERED** in Tampa, Florida on September 8, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Tonya L. Shotwell, AUSA
Attorneys of Record

F:\Docs\2006\06-cr-257.forfeiture 17.wpd

Page 2 of 2